UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.  9:24-CR-80112 Rosenberg/Reinhart

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSUE DAVID BALAGUER,
Defendant._____/

### SENTENCING MEMORANDUM AND REQUEST FOR A *BOOKER* VARIANCE

NOW COMES Defendant Balaguer, by and though his undersigned counsel, and states:

1. Mr. Balaguer respectfully moves this Court to grant him a *Booker* variance considering his circumstances and characteristics per 18 U.S.C. § 3553(a)(2) when passing sentence. He asks for this Court to sentence him to the 5-year mandatory-minimum sentence required by Count 1 (statutory maximum 40 years).

2. He will stand before this Court on July 30, 2025, for sentencing.

3. On or about February 12, 2025, Mr. Balaguer expressed remorse and pled guilty to the 1-count *Indictment* charging him with conspiracy to possess with the intent to distribute over 40 grams of fentanyl, per 21 U.S.C. § 846.

1

§ 3553(a) factors show Mr. Balaguer merits a *Booker* variance sentence

Mr. Balaguer has no prior convictions, and zero criminal history points (PSR p. 16).

He accepted responsibility for his actions beginning with his arrest. He gave the agents his cell phone, and consented to their searching its contents. He indicated early on he wanted to plead guilty, and save this Court's and the government's resources.

Because of his participation in this conspiracy, he received only a few thousand dollars. Mr. Balaguer was not the source of the drugs, and did not help to design the illegal scheme. He needed funds, and exercised poor judgment when being convinced to join it.

Mr. Balaguer is a resident alien for nearly 30 years. His siblings and parents are U.S. citizens.

In his late teens, his parents divorced and remain separate (PSR p. 17).

Mr. Balaguer was a Little League Baseball coach for 1 year in New York in 2014.

Mr. Balaguer provided emotional support for his fiancée Darlene Delacruz, and their 3-year old son (PSR p. 18). She describes Mr. Balaguer as "a loving person, very quiet, caring and smart" (PSR p. 18). After his release, Mr. Balaguer wants to reunite with Ms. Delacruz and continue their relationship (PSR p. 18).

Since age 17, Mr. Balaguer has a long history of alcohol and substance abuse (PSR p. 19). He first smoked marijuana at age 20, and has smoked it daily from 2013 until his arrest for this offense (PSR p. 19). But he has received no drug or alcohol rehabilitation programs (PSR p. 19).

The PSR recommends substance abuse treatment as a special condition of supervised release (PSR p. 19). Because of the above, he asks for this Court to recommend to the BOP his placement in the RDAP Program.

SENTENCING OPTIONS

Mr. Balaguer respectfully requests this Court grant a *Booker* variance sentence of the 5-year mandatory minimum. His current guideline range per the Presentence Investigation Report ("PSR") is 262 - 327 months, based on a Total Offense Level 39, Criminal History Category I (PSR p. 21).

If the Court granted Mr. Balaguer's *Objections to the PSR* which directly affect his Guideline range/sentence, his Guideline range would be 51 – 63 months based on a Total Offense Level 24, Criminal History Category I.

Specifically, his *Objections* ask for an *additional* 2-level reduction for "safety valve", 2-level reduction for no firearm enhancement, 2-level reduction for Zero Point Offender, 2-level reduction for not maintaining a premises for drug distribution, 4-level reduction for Base Offense Level, and a 3-level reduction for acceptance of responsibility (see DE 90).

In *Gall v. United States*, 552 U.S. 38 (2007), the court cleared the way for judges to impose a sentence *below the specified range* and still have punishment regarded as "reasonable". So Balaguer asserts a 5-year mandatory minimum sentence is "reasonable" for his role simply as a conspirator whose main responsibility was bringing the drugs to the U.S. Post Office for delivery.

In *United States v. Gray*, 453 F. 3d 1323 (11th Cir. 2006), the trial court imposed a 72-month sentence when the Guidelines called for a 151-month sentence. The *Gray* Court approved this sentence, based in part on the defendant lacking a criminal record. Similarly, Mr. Balaguer has no serious criminal record (zero criminal history points). This makes his request for a 5-year sentence reasonable.

In *United States v. Baker*, 445 F.3d 987 (7th Cir. 2006), a child porn distribution case, the Court affirmed a below-Guidelines sentence of 78 months where the Guidelines called for 108 months. The *Baker* court noted that "significant is the district court's finding that a prison term would mean more to Mr. Baker than to a defendant previously imprisoned". Consideration of this factor follows § 3553's directive that the sentence reflect the need for "just punishment," and "adequate deterrence."

Mr. Balaguer has not been incarcerated previously. He is concerned about the negative impact incarceration would have on the mental state and general well-being of his fiancée and their son who depend on him financially and emotionally. His son

4

still asks his fiancée about him. So if this Court found prison necessary, a short prison sentence would have an extreme deterrent effect per *Baker*, *supra* .

Because he has no funds, Mr. Balaguer should receive no restitution or fines.

Mr. Balaguer has family members and friends who support him, and will continue to support him upon his release from prison. A past employer (s) has indicated his willingness to hire him upon his release from prison. His mother, father, cousin, and long-time friends still support him. This support network gives him the encouragement he needs to get through this chapter in his life.

Studies show with this support, recidivism is much less likely. See National Institute of Health 2018 study at

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7205225/ .

## CONCLUSION

Mr. Balaguer prays this Court will give him a sentence which reflects his role in this conspiracy. He wants his sentence to allow him to rejoin his fiancée and 3-year old son quickly.

Mr. Balaguer respectfully requests this Court consider the above factors in granting him a *Booker* variance 5-year mandatory minimum sentence which is

5

*sufficient, but not greater than necessary* to comply with the 4 purposes of sentencing in 18 U.S.C. § 3553 (a).

                              Respectfully submitted,

                              s/Michael Hursey_____
                              MICHAEL HURSEY, Esq.
                              Counsel for Defendant Balaguer
                              5220 S. University Dr., C-110
                              Ft. Lauderdale, FL 33328
                              Phone: (954) 252-7458
                              Fax:   (954) 252-3353
                              Fla. Bar No. 0457698
                              Email: mhpalaw@bellsouth.net

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** a true and correct of the foregoing has been given via CM/ECF this 25th day of July, 2025.

                              _s/Michael Hursey_____
                              MICHAEL HURSEY, P.A.